IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ANGIODYNAMICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIOMED HOLDINGS, INC <br><br> Defendant. | Civ. Action No. 06 002 (GMS) <br><br> JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, AngioDynamics, Inc. ("AngioDynamics"), by and through its attorneys, Reed Smith LLP, hereby states the following for its First Amended Complaint for Declaratory Judgment against Diomed Holdings, Inc. ("Diomed"):

**Nature of the Action**

1.  This Complaint is an action arising under the Declaratory Judgment Act 28 U.S.C. § 2201, *et seq.* and the patent laws of the United States, 35 U.S.C. § 1, *et seq.* for a judgment declaring that the claims of United States Patent Nos. 6,981,971, entitled "Medical Laser Device" ("the '971 Patent") and 6,986,766, entitled "Method Of Endovenous Laser Treatment" ("the '766 Patent") are invalid, unenforceable and not infringed by AngioDynamics. A true and correct copy of the '971 and '766 Patents are attached hereto as Exhibit A and Exhibit B, respectively. The '971 and the '766 Patents are hereinafter collectively referred to as the "patents in suit."

**The Parties**

2.  AngioDynamics is a publicly traded corporation organized and existing under the laws of the State of Delaware with a principal place of business in Queensbury, New York.

3. Diomed is a publicly traded corporation organized and existing under the laws of the State of Delaware with a principal place of business in Andover, Massachusetts.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ §§ 1331, 1338(a), 2201 and 2202, and 35 U.S.C. §271.

5. This Court has personal jurisdiction over the parties due to their being Delaware corporations.

6. Venue is proper in this judicial jurisdiction pursuant to 28 U.S.C. § 1391(b) and (c).

### Acts Giving Rise to the Complaint

7. Diomed manufactures and distributes medical devices for use in medical procedures, including devices for endovascular treatment of varicose veins using application of laser energy.

8. AngioDynamics competes with Diomed in the manufacture and sale of endovascular laser treatment systems for varicose veins.

9. On January 6, 2004 Diomed filed an action in the United States District Court For The District of Massachusetts against AngioDynamics alleging infringement of patent number 6,398,777 ("the '777 patent"), which relates to endovascular laser treatment systems for varicose veins, which is the area of competition between the parties (the "Massachusetts action").

10. The Massachusetts action is currently being vigorously litigated by the parties.

11. On June 14, 2002 Diomed caused two related patent applications to be filed at the United States Patent and Trademark Office, which were granted application serial numbers 10/172,633, entitled "Medical Laser Device" ("the '633 application"), and 10/172,636, entitled "Method of Endovenous Laser Treatment", ("the '636 application").

12. The '633 application was allowed on July 26, 2005 and was issued as the '971 Patent on January 3, 2006.

13. The '971 Patent contains only product claims directed to certain product features of a system for delivering laser energy to the walls of a vein.

14. The features to which the '971 Patent relate include markings along an introducer sheath.

15. The '636 application was first allowed on June 9, 2005, and then after further prosecution at the United States Patent and Trademark Office, was again allowed on September 19, 2005, and was issued as the '766 Patent on January 17, 2006.

16. The '766 Patent contains only method claims directed to use of a device having certain features of a system for delivering laser energy to the walls of a vein.

17. The method claims of the '766 Patent are directed to delivering the laser energy to the walls of a vein using the product features covered in the claims of the '971 Patent.

18. Upon information and belief, Diomed is the sole and exclusive owner of the '971 and the '766 Patents through assignment.

19. Upon information and belief, on or about July 28, 2005, Diomed held one of its regular quarterly telephonic conferences to announce and discuss its financial results for the second quarter of 2005.

20. Upon information and belief, numerous members of the financial community, including stock analysts, dialed in to the call.

21. Subsequent to the call, Diomed posted a recording of the conference on its website (www.diomedinc.com).

22. During the conference, Mr. James Wylie, President and Chief Executive Officer of Diomed, made the following statement:

> "It is important to note that on July 26, Diomed announced that it had received a Notice of Allowance from the U.S. Patent and Trademark Office for a patent on Diomed's proprietary technique of using a marked introducer sheath to control the rate of withdrawal of an optical fiber during an intravenous laser procedure. Diomed introduced a marked introducing sheath especially configured for use in the proprietary methodology in the fourth quarter of 2003. Currently, all EVLT procedure kits sold by Diomed contain a marked introducer sheath for use in the method covered by the allowed patent. Notably, both AngioDynamics and Vascular Solutions are offering marked introducer sheaths particularly for use in a technique embraced by the now allowed Diomed patent. Further, it is important to point out that this case is not connected to the U.S. Patent 6,398,777 infringement lawsuits for which I will now provide an update."

23. A copy of the announcement of July 26, 2005 referred to by Mr. Wylie is attached hereto as Exhibit B.

24. The attached announcement states that "The new patent, *which includes both product and method claims*, covers *use* of an introducer sheath that has graduated markings to aid a physician in moving the laser fiber through the vein at a desired rate during the procedure." (Emphasis added.)

25. The '971 Patent includes only product claims.

26. The '766 Patent includes only method claims.

27. It is reasonable to understand that the allowed patent, referred to by Mr. Wylie in his statement and referred to in the announcement of July 26, 2005, relates to both the product claims in the '971 Patent and the method claims in the '766 Patent.

28. The issued claims of the '971 Patent are so related to the issued claims of the '766 Patent that it is reasonable to view both the issued claims of the '971 Patent and the issued claims of the '766 Patent as the product and method counterparts, respectively, of the same system.

29. It is reasonable for Diomed to have expected that the recording containing Mr. Wylie's statement would either be heard by AngioDynamics, or that AngioDynamics would otherwise become informed of the statement.

30. Executives of AngioDynamics have listened to the recording and heard Mr. Wylie's statement.

31. Given the current litigation between the parties in the Massachusetts action, the July 26 announcement and Mr. Wylie's public statement on July 28, 2005 identifying AngioDynamics as an infringer of the allowed patent has given AngioDynamics reasonable apprehension that Diomed would sue AngioDynamics for patent infringement under both the '971 and the '766 Patents.

32. Accordingly, the aforesaid actions and statement by Diomed have given rise to an actual and justiciable controversy within the jurisdiction of this Court concerning the non-infringement, invalidity and unenforceability of the patents in suit pursuant to 28 U.S.C. § 2201 and 2202.

33. A judicial declaration is necessary and appropriate in order to resolve this controversy.

## COUNT I

34. AngioDynamics incorporates herein by reference Paragraphs 1 through 33 of this Complaint as if set forth in full.

35. Upon information and belief, by reason of the proceedings in the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that matured into the '971 Patent, as shown by the contents of the prosecution history of this patent application, and by virtue of the admissions, representations and concessions made by or on behalf of the named inventors and their representatives, Diomed is estopped from asserting any construction of the claims of the '971 Patent that would cause any valid or enforceable claim of the '971 Patent to cover or include, directly or indirectly, any product, process or system made, used, sold or offered for sale by AngioDynamics.

36. Upon information and belief, each claim of the '971 Patent is invalid and of no legal effect against AngioDynamics because of its failure to meet the conditions of patentability set forth in the Patent Statute, including, but not limited to failure to comply with the requirements of Title 35 of the United States Code 35 U.S.C. §§ 101, 102, 103, and/or 112.

37. Upon information and belief, the '971 Patent is void and unenforceable against AngioDynamics due to the acts and/or omissions of Diomed and/or its predecessors in interest, including the named inventors of the '971 Patent and/or their representatives.

## COUNT II

38. AngioDynamics incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if set forth in full.

39. Upon information and belief, by reason of the proceedings in the USPTO during the prosecution of the application that matured into the '766 Patent, as shown by the

contents of the prosecution history of the '766 Patent, and by virtue of the admissions, representations and concessions made by or on behalf of the named inventors and their representatives, Diomed is estopped from asserting any construction of the claims of the '766 Patent that would cause any valid or enforceable claim of the '766 Patent to cover or include, directly or indirectly, any product, process or system made, used, sold or offered for sale by AngioDynamics.

40. Upon information and belief, each claim of the '766 Patent is invalid and of no legal effect against AngioDynamics because of its failure to meet the conditions of patentability set forth in the Patent Statute, including, but not limited to failure to comply with the requirements of Title 35 of the United States Code 35 U.S.C. §§ 101, 102, 103, and/or 112.

41. Upon information and belief, the '766 Patent is void and unenforceable against AngioDynamics due to the acts and/or omissions of Diomed and/or its predecessors in interest, including the named inventors of the '766 Patent and/or their representatives.

**PRAYER FOR RELIEF**

WHEREFORE, AngioDynamics, Inc., prays for the entry of judgment:

    a.    Declaring that each claim of United States Patent Nos. 6,981,971 and 6,986,766 are invalid and/or unenforceable;

    b.    Declaring that AngioDynamics, Inc. has not and does not infringe any valid and enforceable claim of United States Patent Nos. 6,981,971 and 6,986,766;

    c.    Declaring that United States Patent Nos. 6,981,971 and 6,986,766 are unenforceable;

d.  Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding AngioDynamics, Inc. its reasonable attorneys' fees, expenses and costs incurred in this action; and

e.  Awarding to AngioDynamics, Inc. such other and further relief as may be just and proper.

Dated: January 17, 2006

By: _____
John G. Harris, Esq. (No. 4017)
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Tel. (302) 778 7500
Fax: (302) 778 7557

OF COUNSEL:
Arthur Dresner
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
Tel. (212) 521 5404
Fax: (212) 521 5450