UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| ANGIODYNAMICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-002 (GMS) |
| v. ) | |
| ) | |
| DIOMED HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

ANGIODYNAMICS, INC.'S REPLY BRIEF IN SUPPORT OF
ANGIODYNAMICS, INC.'S MOTION FOR LEAVE TO AMEND
ANGIODYNAMICS, INC.'S FIRST AMENDED COMPLAINT

Dated: February 28, 2006

Respectfully submitted,

John G. Harris (SBN 4017)
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7500
E-mail: jharris@reedsmith.com

OF COUNSEL:
Arthur Dresner
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: adresner@reedsmith.com

Counsel for the Plaintiff
AngioDynamics, Inc.

WILLIB-47292.1

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**INTRODUCTION**........................................................................................................................ 1

**ARGUMENT** ................................................................................................................................ 1

    I.    ANGIODYNAMICS' MOTION TO AMEND SHOULD BE GRANTED............ 1

        A.    THIS COURT DOES HAVE DECLARATORY JUDGMENT SUBJECT MATTER JURISDICTION................................................................................................ 1

        B.    ANGIODYNAMICS' SUGGESTED NAME CHANGE FOR DEFENDANT PARTY IS UNCONTESTED................................................................................ 3

        C.    ANGIODYNAMICS HAS SUFFICIENTLY PLED INEQUITABLE CONDUCT AS RELATES TO THE MARKED SHEATH PATENTS ............................................... 3

            1.    AngioDynamics has Pled Inequitable Conduct with Sufficient Particularity................................................................................................ 3

            2.    AngioDynamics May Plead Inequitable Conduct on Information and Belief............................................................................. 5

        D.    ANGIODYNAMICS HAS SUFFICIENTLY PLED INVALIDITY OF THE MARKED SHEATH PATENTS ............................................................................ 7

**CONCLUSION** ............................................................................................................................ 8

WILLIB-47292.1

# TABLE OF AUTHORITIES

### CASES

Agere Sys. Guardian Corp. v. Proxim, Inc.,
190 F.Supp. 2d 726 (D.Del. 2002) .................................................................................. 7, 9

Akzo N.V. v. U.S. Int'l Trade Comm'n,
808 F.2d 1471 (Fed. Cir. 1986) ........................................................................................ 4, 5

*Allen-Bradley Co., Inc. v. Autotech Corp.*,
No. 86 C 5814, 1990 WL 16453 (N.D. Ill. Feb. 8, 1990) ............................................... 6, 7, 8

Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.,
846 F.2d 731 (Fed. Cir. 1988) ......................................................................................... 2, 3

*Bayer Healthcare LLC v. Abbott Labs.*,
No. C.A.03-189-GMS, 2004 WL 2862267 (D. Del. Dec. 10, 2004) .............................. 4, 5

*Dianippon Screen Mfg. Co., Ltd. v. Acitex Corp. Ltd.*,
No. C 96-3296 FMS, 1997 U.S. Dist. LEXIS 4363 (N.D. Cal. February 21, 1997) .. 6

*EMC Corp. v. Storage Tech. Corp.*,
921 F.Supp. 1261 (D.Del.1996) ....................................................................................... 3, 4

*Hishon v. King & Spalding*,
467 U.S. 69 (1984) ................................................................................................................ 5

*Life Techs., Inc. v. Clonoteck Labs., Inc.*,
224 F.3d 1320 (Fed. Cir. 2000) ............................................................................................. 4

*McKesson Info. Solutions, LLC v. Trixetto Group, Inc.*,
No. Civ. 04-1258-SLR, 2005 WL 914776 (D. Del. April 20, 2005) ........................... 6, 7, 8

Samsung Elecs. Co., Ltd. v. Texas Instruments Inc.,
39 U.S.P.Q.2d 1673 (N.D. Tex. 1996) ............................................................................. 8, 9

*Scheuer v. Rhodes*,
416 U.S. 232 (1974) ............................................................................................................. 5

Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.,
820 F.Supp. 150 (D. Del. 1992) ............................................................................................ 7

Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,
742 F.2d 786 (3d Cir.1984) .................................................................................................. 4

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998) ................................................................................................................ 2

Teva Pharm. USA, Inc. v. Pfizer, Inc.,
395 F.3d 1324 (Fed. Cir. 2005) ............................................................................................ 2

Vanguard Research, Inc. v. PEAT, Inc.,
304 F.3d 1249 (Fed. Cir. 2002) ............................................................................................ 2

### RULES

Fed.R.Civ.P. Rule 8(a) ........................................................................................................ 8, 9

Fed.R.Civ.P. Rule 9(b) ................................................................................................... 3, 4, 7

WILLIB-47292.1

## INTRODUCTION

The Court should grant ANGIODYNAMICS, INC.'S MOTION FOR LEAVE TO AMEND ANGIODYNAMICS, INC.'S FIRST AMENDED COMPLAINT ("Motion for Leave to Amend") for several reasons.

First, the Court has subject matter jurisdiction over this declaratory judgment action. This is as a direct result of AngioDynamics' reasonable apprehension of imminent suit.[1]

Second, Diomed has conceded that AngioDynamics should be allowed to amend its complaint to correct the name of the defendant in this case to Diomed, Inc.

Third, AngioDynamics has pled inequitable conduct with sufficiency by specifying the time, place, and content of the misrepresentations made to the PTO, and has given Diomed notice of the precise misconduct alleged.

Fourth, AngioDynamics may plead inequitable conduct on information and belief, especially since it has accompanied the pleading with a statement of facts upon which the belief is founded.

Fifth, AngioDynamics has sufficiently pled invalidity of the Marked Sheath Patents by affirmatively asserting they are invalid and by specifying why they are invalid.

## ARGUMENT

### I.  ANGIODYNAMICS' MOTION TO AMEND SHOULD BE GRANTED

#### A.  THIS COURT DOES HAVE DECLARATORY JUDGMENT SUBJECT MATTER JURISDICTION

Diomed's primary argument for why the Court should deny AngioDynamics' Motion to Amend is that the amendment would be futile because the Court lacks subject matter jurisdiction for this declaratory judgment action. However, the amendment is not futile as this Court has declaratory judgment subject matter jurisdiction because AngioDynamics has a reasonable

---

[1] While AngioDynamics asserts that apprehension of an **imminent** suit is not required in this case, such a reasonable apprehension nonetheless exists here.

apprehension that Diomed will initiate suit if AngioDynamics continues to market its VenaCure™ product. This reasonable apprehension is created by (1) Diomed's direct accusation, broadcast to AngioDynamics and the entire industry, that AngioDynamics infringes the Marked Sheath Patents, (2) Diomed's history of suing AngioDynamics, alleging that AngioDynamics VenaCure™ product infringes Diomed's endovascular laser treatment patent, (3) Diomed's history of suing others over trade secret misappropriation as relates to the Marked Sheath Patents, (4) Diomed's history of suing others, alleging patent infringement, to eliminate products, such as AngioDynamics' VenaCure™ product, that compete with Diomed's EVLT® product. AngioDynamics expects an imminent law suit.[2] An imminent suit exists where "the **injury** in fact [is] 'concrete,' and 'actual or imminent, not conjectural or hypothetical.'" *Teva Pharm. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1333 (Fed. Cir. 2005) (emphasis added) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). As a result of Diomed's aforementioned behavior, AngioDynamics knows it will be sued by Diomed and expects that such suit will be imminent. As such, the injury is "concrete" and "not conjectural or hypothetical." *See, Teva Pharm. USA, Inc.*, 395 F.3d at 1333.

To be imminent, the suit need not occur within a matter of days of the filing of a declaratory judgment action. No declaratory judgment plaintiff could ever display such certainty short of an accusation by the defendant that it will sue the plaintiff tomorrow. Anything else, even an express threat to sue for infringement that fails to specify a date, would fail to meet this warped definition of imminent. This is contrary to well established law.[3]

---

[2] AngioDynamics still maintains that the *Teva* court's articulation of an "imminent" requirement only applies to the unique situation of that case.

[3] *Vanguard Research, Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002) ("…the best evidence of a reasonable apprehension of suit comes in the form of an express threat of litigation…"); *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 733, 737 (Fed. Cir. 1988) (found reasonable apprehension in absence of a threat to sue on a specific date).

Thus, since AngioDynamics has a reasonable apprehension that Diomed will initiate suit if AngioDynamics continues to market its VenaCure™ product, the Court should disregard Diomed's assertion that AngioDynamics' Motion to Amend is futile.

### B. ANGIODYNAMICS' SUGGESTED NAME CHANGE FOR DEFENDANT PARTY IS UNCONTESTED

AngioDynamics inadvertently named the wrong party as a defendant in this case. AngioDynamics has requested leave of the Court to correct this mistake by amending AngioDynamics' complaint to name Diomed, Inc. (rather than Diomed Holdings, Inc.) as the defendant. Diomed's Answering Brief fails to address this issue. As such, Diomed has conceded that the Court should grant leave to AngioDynamics to amend its complaint to correct the name of the defendant in this case to Diomed, Inc.

### C. ANGIODYNAMICS HAS SUFFICIENTLY PLED INEQUITABLE CONDUCT AS RELATES TO THE MARKED SHEATH PATENTS

#### 1. AngioDynamics has Pled Inequitable Conduct with Sufficient Particularity

As stated in AngioDynamics' Answering Brief, AngioDynamics' proposed SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT ("Second Amended Complaint") contains facts sufficient to meet the particularity requirements of Fed.R.Civ.P. Rule 9(b) relating to specific allegations of inequitable conduct. The facts as pled in AngioDynamics' proposed Second Amended Complaint specify the time, place, and content of the misrepresentations made to the PTO or otherwise "give the defendant[ ] notice of the precise misconduct alleged." *EMC Corp. v. Storage Tech. Corp.*, 921 F.Supp. 1261, 1263 (D.Del.1996) (citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786 (3d Cir.1984)).

Diomed never argues that AngioDynamics' proposed Second Amended Complaint is insufficient to meet the particularity requirements of Fed.R.Civ.P. Rule 9(b). As such, Diomed has conceded that AngioDynamics has pled inequitable conduct with sufficient particularity.

-3-

Instead of arguing the adequacy of AngioDynamics' inequitable conduct claim, Diomed incorrectly asserts that AngioDynamics' claim fails as a matter of law and thus leave to amend should be denied. Firstly, none of the cases cited by Diomed denied a motion to amend a complaint, or even granted a motion to dismiss the complaint. *See, Bayer Healthcare LLC v. Abbott Labs.*, No. C.A.03-189-GMS, 2004 WL 2862267 (D. Del. Dec. 10, 2004)[4] (summary judgment motion); *Life Techs., Inc. v. Clonoteck Labs., Inc.*, 224 F.3d 1320 (Fed. Cir. 2000) (appeal after full trial on merits); *Akzo N.V. v. U.S. Int'l Trade Comm'n*, 808 F.2d 1471 (Fed. Cir. 1986) (appeal after 14 day hearing by ALJ and appeal to U.S. Int'l Trade Comm'n). Secondly, all the cases cited by Diomed agree that an affirmative misrepresentation of a material fact can constitute inequitable conduct, which is precisely what AngioDynamics has alleged. *See, Life Techs., Inc.*, 224 F.3d at 1324 (affirmative misrepresentation of a material fact); *Akzo N.V.*, 808 F.2d at 1481 (material misrepresentation); *Bayer Healthcare LLC*, 2004 WL 2862267, at *2 (material misrepresentation, citing *Akzo N.V.*).

In an attempt to obfuscate this well-established legal standard, Diomed has misrepresented this Court's ruling in *Bayer* by arguing that all cases that involve information that was before the Examiner *"fail as a matter of law for lack of materiality."* D.I. 15 at 12. However, the *Bayer* court never articulated such a holding. In fact, the *Bayer* court specifically stated that such cases "**may** fail as a matter of law", and continued on to say that it "is not a bright-line rule...." *Bayer Healthcare LLC*, 2004 WL 2862267, at *2.

Moreover, all three decisions cited by Diomed delved into the specific facts of the individual cases to determine that there was no affirmative misrepresentation of material fact. However, as alleged in AngioDynamics' Second Amended Complaint, this case involves a situation where the patentee has intentionally mischaracterized an important piece of prior art in an attempt to mislead the Examiner.

---

[4] All unreported cases are attached to the end of this brief.

In addition, in evaluating the sufficiency of a declaratory judgment complaint, for purposes of a motion to dismiss, the factual allegations of the complaint must be accepted as true and viewed in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (must accept petitioner's allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (allegations of declaratory judgment complaint construed favorably to the pleader). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon*, 467 U.S. at 73.

AngioDynamics has sufficiently pled a claim for inequitable conduct which may be granted by this Court. As such, AngioDynamics' amendment is not futile and should be granted.

### 2. AngioDynamics May Plead Inequitable Conduct on Information and Belief

Furthermore, Diomed's argument that it is impermissible to plead inequitable conduct on information and belief is untenable. Diomed cites but one case for this proposition: *Allen-Bradley Co., Inc. v. Autotech Corp.* No. 86 C 5814, 1990 WL 16453, at *1 (N.D. Ill. Feb. 8, 1990). However, in the sixteen years that have passed since the ruling of that case, only one other case has cited it and has done so disparagingly. *Dianippon Screen Mfg. Co., Ltd. v. Acitex Corp. Ltd.*, No. C 96-3296 FMS, 1997 U.S. Dist. LEXIS 4363, at *8 (N.D. Cal. February 21, 1997).[5] As noted by the *Dianippon* court, "the case has never been subsequently relied on by any other court in the country, including the very court in which it was decided." *Dianippon Screen Mfg. Co., Ltd.*, 1997 U.S. Dist. LEXIS 4363, at *8. Despite the insistence of the defendant in the case, the *Dianippon* court decided to rely on the law in its own circuit. *Dianippon Screen Mfg. Co., Ltd.*, 1997 U.S. Dist. LEXIS 4363, at *8. This Court should follow the same reasoning.

The United States District Court for the District of Delaware has repeatedly accepted pleadings of inequitable conduct based, in part, on information and belief. *McKesson Info.*

---

[5] For completeness, *Dianippon* cites to the Lexis version of the case which, while having the same text of the opinion and docket number, has an opinion date of Feb. 5, 1990, as opposed to Westlaw's date of Feb. 8, 1990.

*Solutions, LLC v. Trixetto Group, Inc.*, No. Civ. 04-1258-SLR, 2005 WL 914776, at *2-3 (D. Del. April 20, 2005) (inequitable conduct pleading based, in part, on information and belief found to satisfy Fed.R.Civ.P. Rule 9(b)); *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F.Supp. 2d 726, 730, 734 (D.Del. 2002) (inequitable conduct allegations based, in part, on information and belief, "sufficiently specify the grounds for [the] inequitable conduct defense"); *Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 820 F.Supp. 150, 153-154 (D. Del. 1992) (inequitable conduct pleadings based on information and belief which were later supplemented specifying the prior art patentee allegedly failed to disclose sufficiently notify patentee of inequitable conduct claims). This District has requires no more than that inequitable conduct pleadings "disclose the name of the relevant prior art and disclose the acts of the alleged fraud [to] fulfill the requirements of Rule 9(b)." *McKesson Info. Solutions, LLC*, 2005 WL 914776, at *3. AngioDynamics' specification of the time, place, and content of the misrepresentations made to the PTO certainly meets this requirement and places Diomed "on notice of the misconduct alleged." *See, McKesson Info. Solutions, LLC*, 2005 WL 914776, at *3. As such, AngioDynamics asserts that it is permissible to plead inequitable conduct on information and belief.

    However, should this Court decide to follow *Allen-Bradley*, it should note that Diomed has mischaracterized *Allen-Bradley* as standing for the principle that one can never plead inequitable conduct on information and belief. D.I. 15 at 13. Rather, *Allen-Bradley* clearly states that such pleading is permissible as to matters peculiarly within the adverse party's knowledge, so long as it is accompanied by a statement of facts upon which the belief is founded. *Allen-Bradley Co., Inc.*, 1990 WL 16453, at *1-2. AngioDynamics has accompanied its pleading of inequitable conduct on information and belief to include such a statement of facts. See, Second Amended Complaint, ¶¶ 37, 41 (attached as Exhibit A to D.I. 10). Moreover, the allegation of inequitable conduct relates to activities between Diomed and a third party, and, as such, are peculiarly within Diomed's knowledge. Therefore, even under *Allen-Bradley*, AngioDynamics is permitted to plead inequitable conduct on information and belief.

### D. ANGIODYNAMICS HAS SUFFICIENTLY PLED INVALIDITY OF THE MARKED SHEATH PATENTS

As stated in its Answering Brief, AngioDynamics has pled invalidity of the Marked Sheath Patents with sufficiency under Fed.R.Civ.P. Rule 8(a). D.I. 11 at 25-26. AngioDynamics has listed the federal statutes under which it alleges invalidity, specifying the grounds upon which the Court should find the Marked Sheath Patents invalid. Second Amended Complaint, ¶¶ 34-41. This District has ruled that such a claim should not be stricken at least until adequate discovery has been completed. *McKesson Info. Solutions, LLC*, 2005 WL 914776, at *2 (in cases involving patent infringement, "it is through the discovery process that the parties refine and focus their claims"). Furthermore, AngioDynamics has done more than is required of it by giving notice of at least one reference, the VNUS system, which may invalidate the Marked Sheath Patents under the aforementioned federal statutes. Second Amended Complaint, ¶¶ 34-41. As such, AngioDynaimcs has more than "identif[ied] the grounds upon which the Court should find [the patents in suit] invalid." *See, Samsung Elecs. Co., Ltd. v. Texas Instruments Inc.*, 39 U.S.P.Q.2d 1673, 1676-77 (N.D. Tex. 1996).

Furthermore, Diomed incorrectly asserts that *Samsung* supports Diomed's position that AngioDynamics has not stated the grounds upon which invalidity is asserted. While the pleading in *Samsung* was found to be insufficient, the complaint did not affirmatively state that the patents in suit are invalid nor did it identify the grounds upon which the Court should find the patents in suit invalid. *Samsung Elecs. Co., Ltd.*, 39 U.S.P.Q.2d at 1677. However, AngioDynamics' Second Amended Complaint not only affirmatively asserts that the Marked Sheath Patents are invalid, as stated above, it also specifies why they are invalid. As such, *Samsung* clearly supports AngioDynamics and not Diomed.

Moreover, the *Samsung* court allowed Samsung to replead its invalidity claim when it found the initial claim insufficiently pled under Rule 8(a). *Samsung Elecs. Co., Ltd.*, 39 U.S.P.Q.2d at 1677. As stated in AngioDynamics' Answering Brief, should the Court find AngioDynamics' invalidity claim insufficiently pled, this is the proper remedy for the Court to

give: opportunity to amend. *See, Agere Sys. Guardian Corp.*, 190 F.Supp. 2d at 732 ("absent a clear reason such as delay, bad faith, or prejudice, it is an abuse of discretion for a district court to deny leave to amend"). The Court should not dismiss the complaint or deny AngioDynamics' Motion to Amend.

## CONCLUSION

For all the above reasons, as well as those set forth in AngioDynamics' Answering Brief, this Court should find AngioDynamics' Second Amended complaint to be sufficient, and should grant ANGIODYNAMICS, INC.'S MOTION FOR LEAVE TO AMEND ANGIODYNAMICS, INC.'S FIRST AMENDED COMPLAINT.

WILLIB-47292.1

Dated: February 28, 2006                              Respectfully submitted,

                                                     REED SMITH LLP

                                              By: /s/ John G. Harris
                                                  John G. Harris (SBN 4017)
                                                  Reed Smith LLP
                                                  1201 Market Street, Suite 1500
                                                  Wilmington, DE 19801
                                                  Telephone: (302) 778-7500
                                                  Facsimile: (302) 778-7500
                                                  E-mail: jharris@reedsmith.com

OF COUNSEL:
Arthur Dresner
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: adresner@reedsmith.com


                                                  Counsel for the Plaintiff
                                                  AngioDynamics, Inc.