# Unreported Decisions

Case 1:06-cv-00002-GMS    Document 16-2    Filed 02/28/2006    Page 1 of 19

NYLIB-349565.1

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 16453 (N.D.Ill.)
(Cite as: 1990 WL 16453 (N.D.Ill.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
ALLEN-BRADLEY COMPANY, INC. Plaintiff,
v.
AUTOTECH CORPORATION, Microfast Controls Corp., and Shalabh Kumar, Defendants.
No. 86 C 8514.

Feb. 8, 1990.

On Motion for Judgment on the Pleadings

LINDBERG, District Judge.

*1 Plaintiff has moved for a judgment on the pleadings dismissing defendants' fourth, fifth, and sixth counterclaims on the ground that those counterclaims fail to state claims which would entitle defendants to relief. See FRCP 12(c) and (h)(2). Such a motion should not be granted:

[U]nless it appears beyond doubt that the [opposing party] ... can prove no set of facts in support of his claim that would entitle him to the requested relief.

Horwitz v. Alloy Automotive Company, 656 F.Supp. 1039, 1041 (N.D.Ill.1987). See Gillman v. Burlington N. Railroad Co., 878 F.2d 1020, 1022 (7th Cir.1989).

In their first counterclaim, defendants allege that plaintiff procured one or more of the patents at issue by means of fraud and so, in attempting to enforce those patents, violated the Sherman Act. 15 USCA § 2; Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172 (1965). To prevail on such a claim, defendants must prove that: (1) The patent was obtained by fraud; (2) the patent dominates a real market; (3) the invention sought to be patented was not patentable; and (4) the patent has some colorable validity. Brunswick Corp. v. Riegel Textile Corp., 752 F.2d 261, 264-65 (1984). Plaintiff contends that defendants have failed to adequately allege the first three of these elements.

Pleading of the first element, that the patent was obtained by fraud, is subject to the special rules applicable to the specificity with which fraud must be pled. As was stated by Judge Aspen of this court:

The demand for greater specificity in pleading codified in Rule 9(b) serves a number of purposes. Complaints alleging fraud should seek redress for a wrong rather than attempting to discover unknown wrongs..... Moreover, defendants must be protected from the harm that results from charges of serious wrongdoing ... as well as the harm that comes to their reputations when they are charged with the commission of acts involving moral turpitude..... Finally, allegations of fraud must be concrete and particularized enough to give notice to the defendants of the conduct complained of, to enable the defendants to prepare a defense.....

Nevertheless, Rule 9(b) must be read in harmony with Fed.R.Civ.P. 8..... Rule 8 requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Therefore, a complaint which alleges securities fraud must state with particularity specific fraudulent acts comprising fraud. Rule 9(b), however, does not require plaintiff to plead detailed evidentiary matters.

In describing the circumstances constituting fraud, the plaintiff must describe the 'time, place and particular contents of the false representations, as well as the identity of the party making the misrepresentation, and what was obtained or given up thereby.'.... Mere conclusory language which asserts fraud, without a description of fraudulent conduct, does not satisfy Rule 9(b).....

* * *

Where the allegations in the complaint are based 'on information and belief,' the general rule is that such allegations do not satisfy the particularity requirements of Fed.Rule 9(b)..... Therefore, allegations of matters particularly within the knowledge of an adverse party must 'be accompanied by a statement of facts upon which the belief is founded.' .... In Duane v. Altenburg, 297 F.2d 515 (7th Cir.1962), a shareholder derivative suit, the court noted that

*2 while pleading on 'information and belief' is permissible as to matters peculiarly within the adverse party's knowledge, it has also been held that allegations of fraud ... when made on 'information

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 16453 (N.D.Ill.)  
(Cite as: 1990 WL 16453 (N.D.Ill.))

Page 2

and belief' must be accompanied by a statement of facts upon which the belief is founded. _Id. at 518_ (citation omitted).

_D & G Enterprises v. Continental Illinois National Bank and Trust Company of Chicago, 574 F.Supp. 263, 266-67 (N.D.Ill.1983)_ (citations omitted).

Defendants' fourth counterclaim alleges:

12. Allen-Bradley has secured one or more of the patents enumerated in paragraph 1 above as a result of its inequitable conduct before the United States Patent and Trademark Office. Specifically, Allen-Bradley failed to discharge its duty of disclosure to the United States Patent and Trademark Office, either intentionally and willfully or through at least gross negligence, prior art which the Examiners would have considered material in deciding the allowability of the claims of each of said patents, said prior art including patents, publications, public uses and/or sales of the alleged inventions.

13. As a result of the conduct set forth in the preceding paragraph, one or more of Allen-Bradley's patents is unenforceable and/or invalid. Allen-Bradley has knowledge of the invalidity and/or unenforceability of its patents as a result of its inequitable conduct before the Patent and Trademark Office.

These paragraphs do not allege fraud with the particularity required. _See Allen Archery, Inc. v. Browning Manufacturing Co., 819 F.2d 1087, 1098 (Fed.Cir.1987); Argus Chemical Corp. v Fibre Glass-Evercoat Co., Inc., 812 F.2d 1381, 1384-85 (Fed.Cir.1987)_ (allegation that patent invalid because obtained by inequitable conduct insufficient to allege fraud element of a cause of action for fraudulent procurement of a patent under _Walker Process Equipment, Inc. v Food Machinery & Chemical Corp., 382 U.S. 172 (1965)_).

With respect to the second element, that the patent dominates a real market, plaintiff contends that:

The closest defendants come to pleading a relevant market in the present case is the defendants' allegation of 'the product market in which programmable controllers and their components are used and sold.' ... They are used and sold in many product markets, however. Defendants do not define programmable controllers nor do they apprise Allen-Bradley or the Court what other products, if any, also constitute 'the product market in which programmable controllers and their components are used and sold.'

It is apparent that defendants' allegation with respect to this element is specific enough to give plaintiff notice of defendants' claim. In fact, plaintiff's argument claiming to the contrary indicates plaintiff's awareness of the nature of the claim and possible defenses to it. The second element has accordingly been adequately pled in the fourth counterclaim.

With respect to the third element, defendants have not alleged that the invention sought to be patented was not patentable. The fourth counterclaim is therefore deficient in this respect.

*3 The deficiencies noted above do not involve the pleading of facts inconsistent with the claim defendants have attempted to allege. Rather, they involve a lack of specificity in alleging fraud and a failure to allege an element essential to defendants' claim. It may be possible for defendants to correct these deficiencies in their fourth counterclaim. The fourth counterclaim will therefore be dismissed without prejudice.

In the fifth counterclaim, defendants attempt to allege a claim that plaintiff has maintained this action in bad faith in an attempt to monopolize in violation of the Sherman Act. _15 USCA § 2; Handgards, Inc. v. Ethicon, Inc., 601 F.2d 986, 992-96 (9th Cir.1979)_. Allegations of bad faith on the part of a plaintiff in commencing and maintaining a lawsuit for patent infringement may state a claim upon which relief can be granted under the Sherman Act. _Handgards, Inc. v. Ethicon, Inc., 601 F.2d 986, 992-96 (9th Cir.1979)_. Plaintiff, however, implies that the claim in this case cannot stand because it does not allege bad faith on plaintiff's part at the inception of the law suit, but at most alleges that bad faith arose during the course of the law suit. This raises the question of whether it is sufficient for this sort of claim under the Sherman Act to allege that a patent infringement action is maintained, but was not commenced, in bad faith.

The _Handgards_ court said:

[Patent] infringement actions initiated and conducted in bad faith contribute nothing to the furtherance of the policies of either the patent law or the antitrust law. The district court was correct in holding, in effect, that such actions may constitute an attempt to monopolize violative of _Section 2_ of the antitrust law.

_Handgards, Inc. v. Ethicon, Inc., 601 F.2d 986, 993_

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00002-GMS    Document 16-2    Filed 02/28/2006    Page 4 of 19

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1990 WL 16453 (N.D.Ill.)
(Cite as: 1990 WL 16453 (N.D.Ill.))

(9th Cir.1979). A patent infringement suit commenced in good faith may become one being maintained in bad faith, and the continued prosecution of such an action contributes no more to the furtherance of the policies of either the patent law or the antitrust law than does the prosecution of an infringement action which was in bad faith from the time it was initiated. For example, information disclosed by a plaintiff's investigation or in discovery may show that the patent is invalid. If the information would have been sufficient, if known by plaintiff at the commencement of the action, to find that the action was initiated in bad faith, there is no reason that information should not be sufficient to require that plaintiff either voluntarily dismiss the infringement action or be found to be maintaining it in bad faith and so potentially in violation of the Sherman Act.

In their fifth counterclaim, defendants allege:

19. Autotech and MicroFast have, in the course of this litigation, learned of numerous prior art patents, publications, sales and other forms of prior art related to the Allen-Bradley patents enumerated in paragraph 1 above. This prior art renders one or more [of] the Allen-Bradley patents-in-suit invalid under one or more sections of the patent statute, 35 U.S.C. § 101 et seq.

*4 20. Autotech and MicroFast have advised Allen-Bradley of the invalidity of its patents on at least one occasion, at which time specific prior art invalidating one or more of its patents was explicitly cited to Allen-Bradley.

21. In spite of good faith efforts by Autotech and MicroFast to resolve their differences with Allen-Bradley regarding the validity of said patents without further litigation, Allen-Bradley has refused to engage in a meaningful dialogue with Autotech and MicroFast and has maintained this suit with knowledge of the invalidity of its patents.

22. This suit has been pursued by Allen-Bradley with an intent to monopolize the market in which programmable controllers are used and sold, throughout the United States, and to thereby gain a competitive advantage.

23. Allen-Bradley's patents have provided Allen-Bradley with substantial monopoly power in the product market in which programmable controllers and their components are used and sold. That market is distinct, and is recognized by both manufacturers and consumers of programmable controllers.

24. Autotech and MicroFast have each been injured as a direct result of Allen-Bradley's illegal and anticompetitive conduct in the enforcement of its invalid patents. Specifically, Autotech and MicroFast have each been injured in their businesses by, among other things, loss of sales of programmable controller components and goodwill related at least to those same products.

In these paragraphs, defendants do not allege any prior art invalidating any of plaintiff's patents, only that such prior art was disclosed to plaintiff. Moreover, defendants do not specifically allege which patents are invalid because of which prior art. More specifics are necessary in order to give plaintiff adequate notice of the claim being made in the fifth counterclaim.

Plaintiff also contends that defendants' fifth counterclaim's pleading of the relevant market is insufficient. The discussion of that question in the context of the fourth counterclaim is sufficient to resolve this question. This court believes that the relevant market has been adequately pled in the fifth counterclaim.

It may be possible for defendants to correct these deficiencies in their fifth counterclaim. The fifth counterclaim will therefore be dismissed without prejudice.

In their sixth counterclaim, defendants allege:

29. Specifically, Allen-Bradley has without justification threatened consumers in that market with loss of substantial rights under Allen-Bradley warranties for Allen-Bradley products, if those consumers use products manufactured by persons or corporations other than Allen-Bradley in connection with Allen-Bradley's products. Allen-Bradley has specifically threatened termination of consumers' warranty rights for its programmable controller products if those consumers purchase programmable products manufactured or sold by Autotech and/or MicroFast.

Defendants argue that:

For their Sixth Counterclaim, defendants have alleged that Allen-Bradley has illegally tied the sale of its programmable controller modules to the sale of its programmable controller rack. Unlike ordinary

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 16453 (N.D.Ill.)  
**(Cite as: 1990 WL 16453 (N.D.Ill.))**

Page 4

tying cases, where the tie is accomplished through a contract or similar means, Allen-Bradley uses a substantially more insidious device: it threatens its customers with loss of warranty rights if they use fully compatible and superior MicroFast modules in their Allen-Bradley racks. *See* Exhibit D.

*5 Paragraph 29 of the Amended Complaint recites those facts, stating that Allen-Bradley threatens its customers' warranty rights for its programmable controller products (the racks, and by implication, the warranty parts) if those customers purchase programmable controller products (modules) of others. It is true that defendants do not set out the specific evidence of Allen-Bradley's illegal tying in their Sixth Counterclaim, but that is not necessary in the system of notice pleading embodied in the Federal Rules of Civil Procedure.

Moreover, since both the tying product (the Allen-Bradley rack and warranty parts) and the tied product (Allen-Bradley modules) are goods, defendants' claim under the Clayton Act is proper. Allen-Bradley blatantly and conveniently ignores the clear terms of defendants' pleading when it characterizes the tied products as services, rather than as goods. Accordingly, Allen-Bradley's motion for judgment on the pleadings fails as to this counterclaim as well.

Thus, defendants' sixth counterclaim purports to state a claim under the Clayton Act for an illegal tying arrangement because plaintiff threatens warranty rights with respect to the tying products (the racks) unless only tied products (the modules) are used with them.

The Clayton Act provides:

It shall be unlawful for any person engaged in commerce, in the course of such commerce, to lease or make a sale or contract for sale of goods, wares, merchandise, machinery, supplies, or other commodities, whether patented or unpatented, for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, or fix a price charged therefor, or discount from, or rebate upon, such price, on the condition, agreement, or understanding that the lessee or purchaser thereof shall not use or deal in the goods, wares, merchandise, machinery, supplies, or other commodities of a competitor or competitors of the lessor or seller, where the effect of such lease, sale, or contract for sale or such condition, agreement, or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce.

15 USCA § 14. The language of this statute simply does not cover the behavior alleged in defendants' sixth counterclaim; threatening warranty rights on the tying product (the rack) if non-tied products (modules) are used with it.

Plaintiff is therefore entitled to a judgment of dismissal of the sixth counterclaim on the pleadings. Since it is apparent from the allegations that defendants cannot prove any set of facts that would entitle them to the relief sought under the sixth counterclaim, that dismissal will be with prejudice.

ORDERED: Defendants' fourth and fifth counterclaims are dismissed without prejudice. Defendants are given leave to amend the fourth and fifth counterclaims on or before March 1, 1990. Defendants' sixth counterclaim is dismissed with prejudice.

Not Reported in F.Supp., 1990 WL 16453 (N.D.Ill.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2004 WL 2862267 (D.Del.)
(Cite as: 2004 WL 2862267 (D.Del.))

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
BAYER HEALTHCARE LLC, Plaintiff,
v.
ABBOTT LABORATORIES, Defendant.
**No. C.A.03-189-GMS.**

Dec. 10, 2004.

Jeffrey B. Bove, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Plaintiff.

Mary B. Graham, Morris, Nichols, Arsht & Tunnell, Rudolf E. Hutz, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Defendants.

*MEMORANDUM*

SLEET, J.

I. INTRODUCTION

*1 On February 11, 2003, Bayer Healthcare LLC ("Bayer") filed a complaint against Abbott Laboratories ("Abbot") alleging infringement of several of Bayer's patents, including U.S. Patent No. 6,074,615 ("the '615 patent"), U.S. Patent No. 6,436,349 ("the '349 patent"), and U.S. Patent No. 6,498,037 ("the '037 patent"). (D.I.1.) On August 28, 2003, Bayer filed a supplemental complaint against Abbott alleging infringement of U.S. Patent No. 6,555,062 ("the '062 patent"). (D.I.28.) On July 12, 2004, the court granted a request by Abbott for leave to amend its answer to Bayer's supplemental complaint to include an inequitable conduct defense. (D.I. 158.) On September 9, 2004, the court granted Bayer's request for leave to file a motion for summary judgment on Abbott's inequitable conduct defense. (D.I.180.) Presently before the court is that motion. (D.I.186.) For the following reasons, the court will grant Bayer's motion.

II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (1993).

III. STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact. *See* Fed. R. Civ. P 56(c). A fact is material if it might affect the outcome of the case, and an issue is genuine if the evidence is such that a reasonable fact finder could return a verdict in favor of the nonmovant. *See In re Headquarters Dodge, Inc.,* 13 F.3d 674, 679 (3d Cir.1993) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, the court must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Pacitti v. Macy's,* 193 F.3d 766, 772 (3d Cir.1999). The nonmoving party, however, must demonstrate the existence of a material fact supplying sufficient evidence--not mere allegations--for a reasonable jury to find for the nonmovant. *See Olson v. General Elec. Aerospace,* 101 F.3d 947, 951 (3d Cir.1996) (citation omitted). To raise a genuine issue of material fact, the nonmovant "need not match, item for item, each piece of evidence proffered by the movant but simply must exceed the 'mere scintilla' [of evidence] standard." *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.,* 998 F.2d 1224, 1230 (3d Cir.1993) (citations omitted). The nonmovant's evidence, however, must be sufficient for a reasonable jury to find in favor of the party, given the applicable burden of proof. *See Anderson,* 477 U.S. at 249-50.

IV. DISCUSSION

Abbott contends that "Bayer and its attorneys made a series of knowingly false and misleading statements and omissions to the PTO [United States Patent and Trademark Office]" during the prosecution of patent application 09/655,128 ("the '128 application"), which ultimately issued as the '349 patent. (D.I. 201 at 4.) For the purpose of this motion, the facts are viewed in the light most favorable to Abbott. Thus, the court assumes as true all factual assertions made by Abbott in its brief.

A. The Single Tray Limitation

*2 Abbott's first contention is that the attorneys

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00002-GMS    Document 16-2    Filed 02/28/2006    Page 7 of 19

Not Reported in F.Supp.2d                                                              Page 2
Not Reported in F.Supp.2d, 2004 WL 2862267 (D.Del.)
(Cite as: 2004 WL 2862267 (D.Del.))

responsible for prosecuting the '349 patent intentionally misled the examiner by mischaracterizing the substance of pending claims 8 and 14. (Id. at 4-7.) During prosecution the examiner communicated to Bayer that pending claim 6, which contained an element referred to as the "single tray limitation," was allowable. (D.I. 202 Ex. 2 at eight.) Subsequently, Bayer proposed additional claim 15. (Id. Ex. 3.) However, the examiner rejected the amendment because it did not include the single tray limitation. (Id.Ex. 4.) This, Abbott contends, put Bayer on notice that the single tray limitation was crucial to patentability. (D.I. 201 at 5-6.) Nevertheless, Bayer represented to the examiner that pending claims 8 and 14 had "limitations similar to the gear structure recited in claim[ ] 6" (D.I. 202 Ex. 2 at 8-9), even though neither claim contained the single tray limitation. In addition, Abbott points to Bayer's characterization of the amendments of claims 8 and 14 to the examiner as "selective inclusion of the specific structural elements relating to a ring gear and satellite gears ....," without stating that the single tray limitation had been removed. (Id. Ex. 6 at 4.)

In order to defeat Bayer's motion, Abbott must present evidence from which a reasonable finder of fact could infer both prongs of inequitable conduct. Specifically, "the proponent of the inequitable conduct must first establish by clear and convincing evidence that there was a material misrepresentation or omission of information, and then establish a threshold level of intent on the part of the applicant." _Akzo N.V. v. U.S. Int'l Trade Comm'n_, 808 F.2d 1471, 1481 (Fed.Cir.1986). However, in cases where all the pertinent information was available to the examiner, the defendant's inequitable conduct defense may fail as a matter of law for lack of materiality.

This is not a bright-line rule because sometimes the information in front of the examiner is voluminous, _see, e.g., Mechanical Plastic Corp. v. Rawplug Co., 14 U.S.P.Q.2d 1058 (S.D.N.Y. Dec.7, 1989)_, or difficult to comprehend, _see, e.g., Semiconductor Energy Lab. Co. v. Samsung Elecs. Co., 204 F.3d 1368, 1377-78 (Fed.Cir.2000)_ (partial Japanese translation). But other times the information in front of the examiner is far more accessible, precluding a finding of materiality. _See, e.g., Fiskars, Inc. v. Hunt Mfg. Co., 221 F.3d 1318, 1326-28 (Fed.Cir.2000)_ (pamphlet describing prior art submitted to examiner, but not explained by applicant); _Akzo_, 808 F.2d at 1482 (prior art patents in front of examiner, but arguably mischaracterized by applicant); _Genzyme Corp. v. Transkaryotic Therapies, Inc._, No. C.A. 00-677, 2004 WL 2239248, at *2 (D.Del. Sept. 27, 2004) (prior art article in front of examiner, but arguably mischaracterized by applicant). Therefore, although the court's judgment should not be a proxy for that of the jury, the court is obliged to be vigilant in its effort to prevent certain defenses from proceeding beyond summary judgment. This is particularly true with regard to the defense of inequitable conduct. _Cf. Northern Telecom, Inc. v. Datapoint Corp._, 908 F.2d 931, 939 (Fed.Cir.1990) ("Given the ease with which a relatively routine act of patent prosecution can be portrayed as intended to mislead or deceive, clear and convincing evidence of conduct sufficient to support an inference of culpable intent is required.").

*3 In this case, the substance of pending claims 8 and 14 was directly before the examiner. It is difficult to imagine a situation where the information is more accessible. Were courts such as this one to hold that applicants could not rely on the examiner to read and understand all of the pending claims, the patent system would become unworkable. Thus, the court does not believe Bayer's mischaracterizations, if any, were material. [FN1] As such, the court also declines to address the issue of intent with regard to the single tray limitation.

> FN1. Abbott may be correct that a Petition to Make Special creates a heightened duty of candor (D.I. 201 at 14-15), however the court is not convinced that the duty is so heightened by such a petition that the applicant can no longer rely on the examiner to read and understand the pending claims.

B. The Missing Motor

Abbott's second contention is that Bayer's attorneys misled the examiner in connection with the submission of new claim 14 to the '128 application. (D.I. 201 at 7-8.) According to Abbot, new claim 14 only provided for a single motor, whereas no previous pending claim provided for a single motor. (Id.) Nevertheless, Bayer represented to the patent office that new claim 14 "contains no new matter." (D.I. 202 Ex. 9 at 7.) Abbott further contends that the patent specification contains no description as to how the invention could function properly with only one motor, as set forth in new claim 14. (D.I. 201 at 8.)

Again, since the text of new claim 14 was accessible to the examiner, the court does not believe any deception that might be inferred from Bayer's statements to the examiner were material.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                            Page 3
Not Reported in F.Supp.2d, 2004 WL 2862267 (D.Del.)
**(Cite as: 2004 WL 2862267 (D.Del.))**

C. The Japanese Patent Office

Abbott's final contention is that Bayer failed in its duty to disclose to the examiner that the same invention it was prosecuting in the Japanese Patent Office also required the single tray limitation. According to Abbott, this failure is evidence of Bayer's intent to deceive the examiner. However, since the court finds Bayer's alleged mischaracterization of pending claims 8 and 14 was not material, Abbott's defense fails regardless of Bayer's intentions.

V. CONCLUSION

For the aforementioned reasons, the court does not find a genuine issue of material fact, the resolution of which would permit a reasonable jury to find in Abbott's favor. Therefore, Bayer's Motion for Summary Judgment of No Inequitable Conduct, Fraud, or Unclean Hands will be granted.

*ORDER*

IT IS HEREBY ORDERED that Bayer Healthcare, LLC's Motion for Summary Judgment of No Inequitable Conduct, Fraud, or Unclean Hands be GRANTED.

Not Reported in F.Supp.2d, 2004 WL 2862267 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 2005 WL 2385630 (Trial Motion, Memorandum and Affidavit) Abbott Laboratories' Reply Brief in Support of its Motion for Summary Judgment of Noninfringement by the Redesigned Architect(R) Analyzer (Aug. 01, 2005)

• 2005 WL 2385485 (Trial Motion, Memorandum and Affidavit) Defendant Abbott Laboratories' Answering Claim Construction Brief (Jul. 22, 2005)

• 2005 WL 2385629 (Trial Motion, Memorandum and Affidavit) Bayer's Answering Brief to Abbott's Opening Claim Construction Brief re Additional Claim Construction Issues (Jul. 22, 2005)

• 1:03cv00189 (Docket) (Feb. 11, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

LEXSEE 1997 U.S. DIST. LEXIS 4363

**DAINIPPON SCREEN MANUFACTURING CO., LTD. et al., Plaintiffs, vs. SCITEX CORPORATION LTD., et al., Defendants.**

**No. C 96-3296 FMS**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*1997 U.S. Dist. LEXIS 4363*

**February 21, 1997, Decided**
**February 21, 1997, FILED; February 24, 1997, ENTERED IN CIVIL DOCKET**

**DISPOSITION:** [*1] Defendant's motion to dismiss and motion to strike DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant corporation sought to dismiss, or in the alternative to strike, plaintiff manufacturer's allegations of patent invalidity.

**OVERVIEW:** The manufacturer filed its complaint seeking a declaratory judgment that four patents held by the corporation were invalid. The corporation filed a motion to dismiss, or in the alternative a motion to strike, contending that the manufacturer's complaint failed to sufficiently allege a cognizable claim for relief. The court denied the corporation's motion to dismiss because manufacturer's allegations, if true, sufficiently stated a claim for patent non-infringement. The corporation's motion to strike was based on the same grounds as its motion to dismiss, and therefore, because the manufacturer's affirmative defense was not legally insufficient, the corporation's motion to strike was inappropriate.

**OUTCOME:** The court denied the corporation's motion to dismiss or in the alternative to strike manufacturer's allegations of patent invalidity.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss*
[HN1] A motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* tests the sufficiency of the complaint. The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In reviewing a 12(b)(6) motion, the court must assume all factual allegations in plaintiff's complaint to be true and must construe them in the light most favorable to plaintiff. The court must also draw all reasonable inferences from plaintiff's factual allegations, but the court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike*
[HN2] A party may move to strike any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. *Fed. R. Civ. P. 12(f)*. When ruling on a motion to strike, the court views the challenged pleadings in the light most favorable to the pleader. Motions to strike are not favored and should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
[HN3] Under *Fed. R. Civ. P. 8(a)(1)*, a plaintiff's complaint must include a short and plain statement of the claim showing that plaintiff is entitled to relief.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss*
[HN4] On a motion to dismiss, a court is required to assume that all general allegations embrace whatever specific facts might be necessary to support them.

Case 1:06-cv-00002-GMS   Document 16-2   Filed 02/28/2006   Page 10 of 19

Page 2
1997 U.S. Dist. LEXIS 4363, *

*Patent Law > Date of Invention & Priority > Reduction to Practice*
*Patent Law > Date of Invention & Priority > Activities Abroad*
*Patent Law > Statutory Bars > On Sale Bar > Elements*
[HN5] To state a valid defense for patent non-infringement, a plaintiff must allege that the invention was known or used by others, or described in a printed publication, or on sale for more than one year prior to the date of application for patent. *35 U.S.C.S. § 102*(a)-(c) (1996).

**COUNSEL:** For DAINIPPON SCREEN MANUFACTURING CO., LTD., a Japanese corporation, D.S. AMERICA INC., a California corporation, DAINIPPON SCREEN ENGINEERING OF AMERICA, INC., a California corporation, ISLAND GRAPHICS CORP, a California corporation, HARLEQUIN LIMITED, an English corporation, HARLEQUIN INC., a Massachusetts corporation, Plaintiffs: Steven L. Smith, David E. Killough, M. Janelle London, O'Melveny & Myers, San Francisco, CA.

For SCITEX CORPORATION LTD., an Israeli corporation, PRINTING TECHNOLOGIES ASSOCIATES, INC., a Virginia corporation, SCITEX AMERICA CORPORATION, a Massachusetts corporation, defendants: Jack Lahr, Colin G. Sandercock, Foley & Lardner, Washington, DC. William F. Abrams, William N. Hebert, Abrams & Hebert, San Francisco, CA.

For SCITEX CORPORATION LTD., PRINTING TECHNOLOGIES ASSOCIATES, INC., SCITEX AMERICA CORPORATION, Counter-claimants: Jack Lahr, Colin G. Sandercock, Foley & Lardner, Washington, DC. William F. Abrams, William N. Hebert, Abrams & Hebert, San Francisco, CA.

For DAINIPPON SCREEN MANUFACTURING CO., LTD., D.S. AMERICA INC., DAINIPPON SCREEN ENGINEERING OF AMERICA, INC., ISLAND [*2] GRAPHICS CORP, HARLEQUIN LIMITED, HARLEQUIN INC., Counter-defendants: Steven L. Smith, David E. Killough, M. Janelle London, O'Melveny & Myers, San Francisco, CA.

**JUDGES:** FERN M. SMITH, United States District Judge

**OPINIONBY:** FERN M. SMITH

**OPINION:**
ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE AND (2) VACATING HEARING

**INTRODUCTION**
Pending before the Court is defendant Scitex Corporation's ("defendant") motion to dismiss or in the alternative, to strike allegations of patent invalidity. This motion requires the Court to determine whether plaintiff Dainippon Screen Manufacturing Company's ("Plaintiff") claim for relief is cognizable and request for declaratory judgment for patent invalidity should be stricken as an insufficient defense.

**BACKGROUND**
Plaintiff filed its First Amended Complaint ("Complaint") on November 22, 1996, seeking a declaratory judgment that four patents held by defendant are invalid. Defendant filed a motion to dismiss and a motion to strike on December 16, 1996, contending that plaintiff's complaint failed sufficiently to allege a cognizable claim for relief. The challenged provisions of the Complaint state:

> Certain, if not all, [*3] of the claims of the '249 Patent are invalid for failure to meet the "Conditions of Patentability" of *35 U.S.C. §§ 101,* 102 and 103 because: (a) the alleged invention thereof is not novel and is anticipated by, taught by, suggested by, and or obvious in view of the prior art; and (b) the alleged invention was described in a printed publication in a foreign country, or was in public use, or was on sale in this country, more than one year prior to the date of the patent application in the United States and/or to the date of the patent application in the United States and/or before the foreign priority date of that patent. Plaintiffs are informed and believe, and based thereon aver, that Yosefi's alleged invention claimed in the '249 Patent was conceived and reduced to practice wholly outside the United States. If Scitex and PTA construe any claim of the '249 Patent to cover any product of Plaintiffs utilizing object-based trapping technology, then any such claim is also invalid under *35 U.S.C. § 112* as indefinite and/or for pertinent at to make and use the alleged invention. If Scitex and PTA construe any claim of the '249 Patent to cover any product of Plaintiffs, they are barred from [*4] doing so by the doctrine of prosecution history estoppel.

Case 1:06-cv-00002-GMS    Document 16-2    Filed 02/28/2006    Page 11 of 19

Page 3
1997 U.S. Dist. LEXIS 4363, *

(Complaint P 37; see also Complaint PP 46, 55, and 64 (identical paragraphs which are also challenged by defendant as insufficient)). Defendant contends that plaintiff has failed (1) to state a claim for patent non-infringement and (2) to assert any evidentiary support or legal basis for its allegation of non-infringement. (Def.'s Mem. Supp. Summ. J. at 2.) n1

n1 The patent in dispute relates to an invention which enhances the quality of high-resolution printed color materials.

## DISCUSSION

### I. Legal Standards

#### A. Motion to Dismiss

[HN1] A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983)*. "The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [*5] *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 796-97 (9th Cir. 1996)*.

In reviewing defendants' 12(b)(6) motion, the Court must assume all factual allegations in plaintiff's complaint to be true and must construe them in the light most favorable to plaintiff. *North Star, 720 F.2d at 580*. The Court must also draw all reasonable inferences from plaintiff's factual allegations, but the Court "need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Bureerong v. Uvawas, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996)* (citing *Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981))*.

#### B. Motion to Strike

[HN2] A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Fed. R. Civ. P. 12(f)*. When ruling on a motion to strike, the Court views the challenged pleadings in the light most favorable to the pleader. See *Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994)*. Motions to strike are not favored and [*6] "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Willson v. Cagle, 711 F. Supp. 1521, 1534 (N.D. Cal. 1988); see Systems Corp. v. American Tel. & Tel., 60 F.R.D. 692, 694 (S.D.N.Y. 1973)* (holding that motions to strike are only granted if "under no set of circumstances could the defense succeed").

### II. Analysis

#### A. Motion to Dismiss

Plaintiff sufficiently alleges the affirmative defense of patent invalidity for purposes of defendant's motion to dismiss. See *Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)*. [HN3] Under *Federal Rule of Civil Procedure 8(a)*, plaintiff's complaint must include a "short and plain statement of the claim showing" that plaintiff is entitled to relief. *Fed. Rule of Civ. Pro. 8(a)(1)*. n2 [HN4] On a motion to dismiss, the Court is "required to . . . assume that all general allegations embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994)*. [HN5] To state a valid defense for patent non-infringement, plaintiff must allege that the invention was known or used by others, [*7] or described in a printed publication, or on sale for more than one year prior to the date of application for patent. *35 U.S.C. § 102(a)-(c) (1996)*. Plaintiff alleges that defendant's invention (1) is not new, (2) was described in a printed publication in a foreign country or was in public use for more than one year prior to the date of the patent application, and (3) was conceived and reduced to practice outside the United States. (Complaint P 37); see *Advanced Cardiovascular Sys., Inc. v. SciMed, Inc., 1996 U.S. Dist. LEXIS 11702, 1996 WL 467277 (N.D. Cal. July 24, 1996)* (holding that a similar claim for relief under Title 35 sufficiently alleged patent infringement). n3 Because these allegations, if true, sufficiently state a claim for patent non-infringement, defendant's motion to dismiss is denied.

n2 Defendant incorrectly asserts that plaintiff must meet the heightened pleading requirement of Rule 9(b). (Def. Mem. in Support of Motion to Dismiss at 5.) Claims for patent invalidity are analyzed under Rule 8, *Wyshak, 607 F.2d at 827*, whereas claims for inequitable conduct relating to patent infringement are analyzed under the heightened burden of Rule 9(b) because those claims relate to fraudulent conduct. See *Chiron Corp. v. Abbott Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994)*.

[*8]

n3 Defendant urges the Court to adopt the reasoning supporting a 1990 decision of the district court for the Northern District of Illinois, *Allen-Bradley Co., Inc. v. Autotech Corp., 1990*

Case 1:06-cv-00002-GMS    Document 16-2    Filed 02/28/2006    Page 12 of 19

Page 4
1997 U.S. Dist. LEXIS 4363, *

*U.S. Dist. LEXIS 1383 (N.D. Ill. 1990)*, and dismiss plaintiff's claim. Defendant argues that it conducted a SHEPARD's search of the case and determined that it "has never been overturned, questioned or isolated as an aberration." (Reply at 5.) The Court notes that (1) the case is unreported, and unreported cases are not listed, either favorably or unfavorably, in SHEPARD's, and (2) the case has never been subsequently relied on by any other court in the country, including the very court in which it was decided. Despite defendant's insistence to the contrary, the Court will rely on well established Ninth Circuit law.

### B. Motion to Strike

Defendant's motion to strike is based on the same grounds as its motion to dismiss. Because plaintiff's affirmative defense is not legally insufficient, defendant's motion to strike is inappropriate. As discussed above, plaintiff sufficiently alleges the defense of patent invalidity. [*9] Additionally, defendant has not presented any facts showing that it would be prejudiced if plaintiff has the opportunity to assert patent invalidity. Defendant's motion to strike is therefore denied.

### CONCLUSION

For the foregoing reasons defendant's motion to dismiss and motion to strike are DENIED. The hearing on defendant's motion to dismiss and motion to strike, currently scheduled for February 21, 1997, is VACATED.

SO ORDERED.

Dated: February 21, 1997

FERN M. SMITH

United States District Judge

LEXSEE 1997 U.S. DIST. LEXIS 4363

DAINIPPON SCREEN MANUFACTURING CO., LTD. et al., Plaintiffs, vs.
SCITEX CORPORATION LTD., et al., Defendants.

No. C 96-3296 FMS

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*1997 U.S. Dist. LEXIS 4363*

February 21, 1997, Decided
February 21, 1997, FILED; February 24, 1997, ENTERED IN CIVIL DOCKET

**DISPOSITION:** [*1] Defendant's motion to dismiss and motion to strike DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant corporation sought to dismiss, or in the alternative to strike, plaintiff manufacturer's allegations of patent invalidity.

**OVERVIEW:** The manufacturer filed its complaint seeking a declaratory judgment that four patents held by the corporation were invalid. The corporation filed a motion to dismiss, or in the alternative a motion to strike, contending that the manufacturer's complaint failed to sufficiently allege a cognizable claim for relief. The court denied the corporation's motion to dismiss because manufacturer's allegations, if true, sufficiently stated a claim for patent non-infringement. The corporation's motion to strike was based on the same grounds as its motion to dismiss, and therefore, because the manufacturer's affirmative defense was not legally insufficient, the corporation's motion to strike was inappropriate.

**OUTCOME:** The court denied the corporation's motion to dismiss or in the alternative to strike manufacturer's allegations of patent invalidity.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss*
[HN1] A motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* tests the sufficiency of the complaint. The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In reviewing a 12(b)(6) motion, the court must assume all factual allegations in plaintiff's complaint to be true and must construe them in the light most favorable to plaintiff. The court must also draw all reasonable inferences from plaintiff's factual allegations, but the court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike*
[HN2] A party may move to strike any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. *Fed. R. Civ. P. 12(f)*. When ruling on a motion to strike, the court views the challenged pleadings in the light most favorable to the pleader. Motions to strike are not favored and should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
[HN3] Under *Fed. R. Civ. P. 8(a)(1)*, a plaintiff's complaint must include a short and plain statement of the claim showing that plaintiff is entitled to relief.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss*
[HN4] On a motion to dismiss, a court is required to assume that all general allegations embrace whatever specific facts might be necessary to support them.

Case 1:06-cv-00002-GMS    Document 16-2    Filed 02/28/2006    Page 14 of 19

Page 2
1997 U.S. Dist. LEXIS 4363, *

*Patent Law > Date of Invention & Priority > Reduction to Practice*
*Patent Law > Date of Invention & Priority > Activities Abroad*
*Patent Law > Statutory Bars > On Sale Bar > Elements*
[HN5] To state a valid defense for patent non-infringement, a plaintiff must allege that the invention was known or used by others, or described in a printed publication, or on sale for more than one year prior to the date of application for patent. *35 U.S.C.S. § 102*(a)-(c) (1996).

**COUNSEL:** For DAINIPPON SCREEN MANUFACTURING CO., LTD., a Japanese corporation, D.S. AMERICA INC., a California corporation, DAINIPPON SCREEN ENGINEERING OF AMERICA, INC., a California corporation, ISLAND GRAPHICS CORP, a California corporation, HARLEQUIN LIMITED, an English corporation, HARLEQUIN INC., a Massachusetts corporation, Plaintiffs: Steven L. Smith, David E. Killough, M. Janelle London, O'Melveny & Myers, San Francisco, CA.

For SCITEX CORPORATION LTD., an Israeli corporation, PRINTING TECHNOLOGIES ASSOCIATES, INC., a Virginia corporation, SCITEX AMERICA CORPORATION, a Massachusetts corporation, defendants: Jack Lahr, Colin G. Sandercock, Foley & Lardner, Washington, DC. William F. Abrams, William N. Hebert, Abrams & Hebert, San Francisco, CA.

For SCITEX CORPORATION LTD., PRINTING TECHNOLOGIES ASSOCIATES, INC., SCITEX AMERICA CORPORATION, Counter-claimants: Jack Lahr, Colin G. Sandercock, Foley & Lardner, Washington, DC. William F. Abrams, William N. Hebert, Abrams & Hebert, San Francisco, CA.

For DAINIPPON SCREEN MANUFACTURING CO., LTD., D.S. AMERICA INC., DAINIPPON SCREEN ENGINEERING OF AMERICA, INC., ISLAND [*2] GRAPHICS CORP, HARLEQUIN LIMITED, HARLEQUIN INC., Counter-defendants: Steven L. Smith, David E. Killough, M. Janelle London, O'Melveny & Myers, San Francisco, CA.

**JUDGES:** FERN M. SMITH, United States District Judge

**OPINIONBY:** FERN M. SMITH

**OPINION:**
ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE AND (2) VACATING HEARING

**INTRODUCTION**
Pending before the Court is defendant Scitex Corporation's ("defendant") motion to dismiss or in the alternative, to strike allegations of patent invalidity. This motion requires the Court to determine whether plaintiff Dainippon Screen Manufacturing Company's ("Plaintiff") claim for relief is cognizable and request for declaratory judgment for patent invalidity should be stricken as an insufficient defense.

**BACKGROUND**
Plaintiff filed its First Amended Complaint ("Complaint") on November 22, 1996, seeking a declaratory judgment that four patents held by defendant are invalid. Defendant filed a motion to dismiss and a motion to strike on December 16, 1996, contending that plaintiff's complaint failed sufficiently to allege a cognizable claim for relief. The challenged provisions of the Complaint state:

> Certain, if not all, [*3] of the claims of the '249 Patent are invalid for failure to meet the "Conditions of Patentability" of *35 U.S.C. §§ 101*, 102 and 103 because: (a) the alleged invention thereof is not novel and is anticipated by, taught by, suggested by, and or obvious in view of the prior art; and (b) the alleged invention was described in a printed publication in a foreign country, or was in public use, or was on sale in this country, more than one year prior to the date of the patent application in the United States and/or to the date of the patent application in the United States and/or before the foreign priority date of that patent. Plaintiffs are informed and believe, and based thereon aver, that Yosefi's alleged invention claimed in the '249 Patent was conceived and reduced to practice wholly outside the United States. If Scitex and PTA construe any claim of the '249 Patent to cover any product of Plaintiffs utilizing object-based trapping technology, then any such claim is also invalid under *35 U.S.C. § 112* as indefinite and/or for pertinent at to make and use the alleged invention. If Scitex and PTA construe any claim of the '249 Patent to cover any product of Plaintiffs, they are barred from [*4] doing so by the doctrine of prosecution history estoppel.

Case 1:06-cv-00002-GMS    Document 16-2    Filed 02/28/2006    Page 15 of 19

Page 3
1997 U.S. Dist. LEXIS 4363, *

(Complaint P 37; see also Complaint PP 46, 55, and 64 (identical paragraphs which are also challenged by defendant as insufficient)). Defendant contends that plaintiff has failed (1) to state a claim for patent non-infringement and (2) to assert any evidentiary support or legal basis for its allegation of non-infringement. (Def.'s Mem. Supp. Summ. J. at 2.) n1

n1 The patent in dispute relates to an invention which enhances the quality of high-resolution printed color materials.

## DISCUSSION

### I. Legal Standards

#### A. Motion to Dismiss

[HN1] A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983)*. "The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [*5] *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 796-97 (9th Cir. 1996)*.

In reviewing defendants' 12(b)(6) motion, the Court must assume all factual allegations in plaintiff's complaint to be true and must construe them in the light most favorable to plaintiff. *North Star, 720 F.2d at 580*. The Court must also draw all reasonable inferences from plaintiff's factual allegations, but the Court "need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Bureerong v. Uvawas, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981))*.

#### B. Motion to Strike

[HN2] A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Fed. R. Civ. P. 12(f)*. When ruling on a motion to strike, the Court views the challenged pleadings in the light most favorable to the pleader. See *Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994)*. Motions to strike are not favored and [*6] "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Willson v. Cagle, 711 F. Supp. 1521, 1534 (N.D. Cal. 1988); see Systems Corp. v. American Tel. & Tel., 60 F.R.D. 692, 694 (S.D.N.Y. 1973)* (holding that motions to strike are only granted if "under no set of circumstances could the defense succeed").

### II. Analysis

#### A. Motion to Dismiss

Plaintiff sufficiently alleges the affirmative defense of patent invalidity for purposes of defendant's motion to dismiss. See *Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)*. [HN3] Under *Federal Rule of Civil Procedure 8(a)*, plaintiff's complaint must include a "short and plain statement of the claim showing" that plaintiff is entitled to relief. *Fed. Rule of Civ. Pro. 8(a)(1)*. n2 [HN4] On a motion to dismiss, the Court is "required to . . . assume that all general allegations embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994)*. [HN5] To state a valid defense for patent non-infringement, plaintiff must allege that the invention was known or used by others, [*7] or described in a printed publication, or on sale for more than one year prior to the date of application for patent. *35 U.S.C. § 102(a)-(c) (1996)*. Plaintiff alleges that defendant's invention (1) is not new, (2) was described in a printed publication in a foreign country or was in public use for more than one year prior to the date of the patent application, and (3) was conceived and reduced to practice outside the United States. (Complaint P 37); see *Advanced Cardiovascular Sys., Inc. v. SciMed, Inc., 1996 U.S. Dist. LEXIS 11702, 1996 WL 467277 (N.D. Cal. July 24, 1996)* (holding that a similar claim for relief under Title 35 sufficiently alleged patent infringement). n3 Because these allegations, if true, sufficiently state a claim for patent non-infringement, defendant's motion to dismiss is denied.

n2 Defendant incorrectly asserts that plaintiff must meet the heightened pleading requirement of Rule 9(b). (Def. Mem. in Support of Motion to Dismiss at 5.) Claims for patent invalidity are analyzed under Rule 8, *Wyshak, 607 F.2d at 827*, whereas claims for inequitable conduct relating to patent infringement are analyzed under the heightened burden of Rule 9(b) because those claims relate to fraudulent conduct. See *Chiron Corp. v. Abbott Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994)*.

[*8]

n3 Defendant urges the Court to adopt the reasoning supporting a 1990 decision of the district court for the Northern District of Illinois, *Allen-Bradley Co., Inc. v. Autotech Corp., 1990*

U.S. Dist. LEXIS 1383 (N.D. Ill. 1990), and dismiss plaintiff's claim. Defendant argues that it conducted a SHEPARD's search of the case and determined that it "has never been overturned, questioned or isolated as an aberration." (Reply at 5.) The Court notes that (1) the case is unreported, and unreported cases are not listed, either favorably or unfavorably, in SHEPARD's, and (2) the case has never been subsequently relied on by any other court in the country, including the very court in which it was decided. Despite defendant's insistence to the contrary, the Court will rely on well established Ninth Circuit law.

### B. Motion to Strike

Defendant's motion to strike is based on the same grounds as its motion to dismiss. Because plaintiff's affirmative defense is not legally insufficient, defendant's motion to strike is inappropriate. As discussed above, plaintiff sufficiently alleges the defense of patent invalidity. [*9] Additionally, defendant has not presented any facts showing that it would be prejudiced if plaintiff has the opportunity to assert patent invalidity. Defendant's motion to strike is therefore denied.

### CONCLUSION

For the foregoing reasons defendant's motion to dismiss and motion to strike are DENIED. The hearing on defendant's motion to dismiss and motion to strike, currently scheduled for February 21, 1997, is VACATED.

SO ORDERED.

Dated: February 21, 1997

FERN M. SMITH

United States District Judge

Westlaw.

Not Reported in F.Supp.2d                                                                                                      Page 1
Not Reported in F.Supp.2d, 2005 WL 914776 (D.Del.)
**(Cite as: 2005 WL 914776 (D.Del.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
MCKESSON INFORMATION SOLUTIONS, LLC,
Plaintiff,
v.
THE TRIZETTO GROUP, INC., Defendant.
**No. Civ.04-1258-SLR.**

April 20, 2005.
Thomas J. Allingham, II, Wilmington, DE, for Plaintiff.

Rodger Dallery Smith, II, Wilmington, DE, for Defendant.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

*1 On September 13, 2004, plaintiff filed this action alleging infringement of its United States Patent No. 5,253,164 ("the '164 patent") by defendant. Defendant answered the complaint, denied' any infringement and asserted that the '164 patent was invalid and unenforceable. (D.I.10)

Pending before the court are plaintiff's motions to strike defendant's affirmative defenses, dismiss defendant's counterclaims or, in the alternative, for a more definitive statement of such defenses and counterclaims. (D.I.13) This court has jurisdiction over this suit pursuant to 28 U.S.C. § 1338.

II. BACKGROUND

Plaintiff is a Delaware limited liability corporation with its principal place of business in Alpharetta, Georgia. (D.I.10) Defendant is a Delaware corporation with its principal place of business in Newport Beach, California. (D.I.10) The parties create and distribute software for reviewing the accuracy of healthcare claims and/or charges. (*Id.* at ¶ 25-26)

III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires a party to set forth affirmative defenses in a responsive pleading with a "short and plain statement." Federal Rule of Civil Procedure 12(f), in turn, states:
> Upon motion by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Motions to strike affirmative defenses, however, are disfavored. *See Proctor & Gamble Co. v. Nabisco Brands, Inc.,* 697 F.Supp. 1360, 1362 (D.Del.1988). When ruling on such a motion, "the court must construe all facts in favor of the nonmoving party ... and deny the motion if the defense is sufficient under the law." *Id.* Furthermore, courts prefer not to grant a motion to strike "unless it appears to a certainty that ... [the movant] would succeed despite any state of the facts, which could be proved in support of the defense." *Salcer v. Envicon Equities, Corp.,* 744 F.2d 935, 939 (2d Cir.1984).

IV. DISCUSSION [FN1]

> FN1. Because plaintiff's motion to dismiss, or in the alternative for a more definite statement, depends solely on its motion to strike, the motion is dismissed without prejudice to renew.

Defendant's answer to the complaint asserts eight affirmative defenses and counter-claims for declaratory judgment of noninfringement, unenforceability and invalidity. (D.I.10) Plaintiff has moved to strike defendant's second, sixth and seventh affirmative defenses. (*Id.* at ¶¶ 11, 15, 16-18)

A. Second And Sixth Affirmative Defenses-- Invalidity & Misuse

Defendant's second affirmative defense argues that the '164 patent is invalid "for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

but not limited to 35 U.S.C. § § 102, 103 and 112." (_Id._ at ¶ 11) Plaintiff argues that this defense is too broad because it includes any and all of title 35, and it is repetitive of defendant's third, fourth and fifth affirmative defenses, which asserts specific violations of § § 102, 103 and 112. (_Id._)

*2 Defendant's sixth affirmative defense asserts that "[t]he '164 patent is unenforceable because [plaintiff] comes into Court with unclean hands. Plaintiff has committed patent misuse by attempting to enforce a patent it should reasonably know is invalid and not infringed." (D.I. 10 at ¶ 15) Plaintiff asserts that this defense does not meet pleading requirements because it does not allege bad faith or anti-competitive effect. [FN2]

> FN2. The basic allegation of patent misuse is that the patentee has "extend[ed] the economic benefit beyond the scope of the patent grant." _C.R. Bard, Inc. v. M3 Sys., Inc.,_ 157 F.3d 1340, 1372 (Fed.Cir.1998). Patent misuse "requires that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect." _Virginia Panel Corp. v. MAC Panel Co.,_ 133 F.3d 860, 868- 71 (Fed.Cir.1997). There is a two part test for patent misuse that requires the party alleging misuse to show a patentee's bad faith in alleging infringement and an anticompetitive effect or purpose behind the allegation. _See e.g., Glaverbell Societe Anonyme v. Northlake Mktg. & Supply, Inc.,_ 45 F.3d 1550, 1558 (Fed.Cir.1995); _Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.,_ C-96-0950, 1996 WL 467277 at *4 (N.D.Cal.1996).

In complex litigation, such as cases involving patent infringement, it is through the discovery process that the parties refine and focus their claims. At this stage in the litigation, the court declines to strike defendant's affirmative defenses until adequate discovery has been completed.

B. Seventh Affirmative Defense--Inequitable Conduct

Defendant's seventh affirmative defense states:
  The patent-in-suit is invalid and unenforceable because it was obtained through the intentional failure of the inventors, and/or their agents, to disclose to the Patent Office, during prosecution of the patent-in-suit, information material to the patentability of the patent-in-suit, in violation of 37 C.F.R. § 1.56.

To the extent now known, and subject to further amplification as to the full extent of the withholding and misrepresentation of information, the inventors and/or their agents made a number of misrepresentations or omissions of material fact to the Patent Office, including but not limited to, false statements and omissions regarding prior art. In particular, and without limitation, the following intentional and material false statements or omissions were made by the inventors and/or their agents, including:

a) the failure by applicants to disclose to the Examiner one of the inventors' own material prior art publications, including "An Access-oriented Negotiated Fee Schedule--The Caterpillar Experience," ... and a presentation at the 107th Annual Meeting of The American Surgical Association ...;

b) the failure to disclose to the Examiner the fact that the claimed software to review claims was obvious and disclosed in commonly available books on expert systems as admitted by Marcia Radosevich, President of HPR, the assignee of the patent-in-suit, in a case study at the Harvard Business School in 1989;

c) the failure to disclose to the Patent Office that four programming and code review consultants participated in the development of the claimed software as described by Marcia Radosevich to the Harvard Business School; and

d) the failure to disclose to the Patent office that the invention was conceived by some individuals who were employed by Boston University's Health Policy Institute, and that the work was funded by the U.S. Government sponsored research.

The above false statements and omitted references and funding information would have been considered by a reasonable examiner to be material to a determination of allowability of the patent claims, and on information and belief, said statements and omissions were made with intent to deceive the Patent Office. Had the inventors and/or their agents made accurate representations to the Patent Office, the '164 patent would not have issued. Hence, the patent-in-suit is unenforceable for inequitable conduct.
*3 (D.I. 10 at ¶¶ 16-18)

Fraud is a clear exception to the otherwise broad notice-pleading standards under Fed.R.Civ.P. 9. A claim of patent unenforceability is premised upon inequitable conduct before the Patent & Trademark

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 914776 (D.Del.)  
**(Cite as: 2005 WL 914776 (D.Del.))**

Page 3

Office ("PTO"), which is a claim sounding in fraud. A plaintiff alleging unenforceability, therefore, must plead with particularity those facts which support the claim the patent holder acted fraudulently before the PTO. *See e.g., Ferguson Beauregard/Logic Controls v. Mega Sys., LLC,* 350 F.3d 1327, 1343-44 (Fed.Cir.2003).

This court has previously found that pleadings that "disclose the name of the relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." *See, e.g., EMC Corp. v. Storage Tech. Corp.,* 921 F.Supp. 1261, 1263 (D.Del.1996). In this case, defendant has satisfied the pleading requirements of Rule 9(b), as it states, with reasonable particularity, the prior art references and instances of fraud to which it is referring. Plaintiff is on notice of the misconduct alleged.

IV. CONCLUSION

Therefore, at Wilmington this 20th day of April, 2005;

IT IS ORDERED that:

1. Plaintiff's motion to strike certain of defendant's affirmative defenses (D.I.13) is denied without prejudice.

2. Plaintiff's motion to dismiss, or for a more definitive statement (D.I.13), is denied without prejudice.

Not Reported in F.Supp.2d, 2005 WL 914776 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:04cv01258 (Docket) (Sep. 13, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.